IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EDWARD D.,[1]

          Plaintiff,

     v.

ANDREW M. SAUL, Commissioner of
Social Security,

          Defendant.

Case No. 3:20-cv-00929-JR

**OPINION AND ORDER**

---

**RUSSO, Magistrate Judge.**

Edward D. ("Plaintiff") brings this appeal challenging the Commissioner of the Social Security Administration's ("Commissioner") denial of his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. The Court has jurisdiction to hear this appeal pursuant to 42 U.S.C. § 1383(c)(3), which incorporates the review provisions of 42 U.S.C. § 405(g). For the reasons explained below, the Commissioner's decision is affirmed.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

PAGE 1 – OPINION AND ORDER

**STANDARD OF REVIEW**

The district court may set aside a denial of benefits only if the Commissioner's findings are "'not supported by substantial evidence or [are] based on legal error.'" Bray v. Comm'r Soc. Sec. Admin., 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)). Substantial evidence is defined as "'more than a mere scintilla [of evidence] but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Id. (quoting Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995)).

The district court "cannot affirm the Commissioner's decision 'simply by isolating a specific quantum of supporting evidence.'" Holohan v. Massanari, 246 F.3d 1195, 1201 (9th Cir. 2001) (quoting Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999)). Instead, the district court must consider the entire record, weighing the evidence that both supports and detracts from the Commissioner's conclusions. Id. Where the record can support either a grant or a denial of Social Security benefits, the district court "'may not substitute [its] judgment for the [Commissioner's].'" Bray, 554 F.3d at 1222 (quoting Massachi v. Astrue, 486 F.3d 1149, 1152 (9th Cir. 2007)).

**BACKGROUND**

**I.     PLAINTIFF'S APPLICATION**

Plaintiff alleges disability for a closed period beginning September 1, 2015 and ending March 31, 2018. (Tr. 15, 31, 206.) Plaintiff filed his application for DIB on April 27, 2016, alleging disability due to depression and atrial fibrillation. (Tr. 206-09.) The Commissioner denied plaintiff's application initially and upon reconsideration, and plaintiff requested a hearing before an Administrative Law Judge (ALJ). After an administrative hearing, the ALJ issued a written decision dated June 26, 2019, denying plaintiff's application. (Tr. 10-22.) The Appeals Council

denied review on April 9, 2020, making the ALJ's decision the final decision of the Commissioner. (Tr. 1-6.)  Plaintiff now seeks judicial review of that decision.

## II.    THE SEQUENTIAL ANALYSIS

A claimant is considered disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A).  "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." Keyser v. Comm'r Soc. Sec. Admin., 648 F.3d 721, 724 (9th Cir. 2011).  Those five steps are: (1) whether the claimant is currently engaged in any substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the claimant can return to any past relevant work; and (5) whether the claimant is capable of performing other work that exists in significant numbers in the national economy. Id. at 724-25. The claimant bears the burden of proof for the first four steps. Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001).  If the claimant fails to meet the burden at any of those steps, the claimant is not disabled. Id.; Bowen v. Yuckert, 482 U.S. 137, 140-41 (1987).

The Commissioner bears the burden of proof at step five of the sequential analysis, where the Commissioner must show the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." Tackett, 180 F.3d at 1100.  If the Commissioner fails to meet this burden, the claimant is disabled. Bustamante, 262 F.3d at 954 (citations omitted).

## III.    THE ALJ'S DECISION

The ALJ applied the five-step sequential evaluation process to determine if plaintiff is disabled.  (Tr. 10-22.)  At step one, the ALJ determined that plaintiff had not engaged in substantial

gainful activity during the alleged period of disability. (Tr. 15.) At step two, the ALJ determined that plaintiff suffered from the severe impairments of morbid obesity, atrial fibrillation, anxiety, and depression. (Tr. 15.)

At step three, the ALJ concluded that plaintiff did not have an impairment or combination of impairments that meets or equals a listed impairment. (Tr. 16.) The ALJ then concluded that plaintiff had the residual functional capacity ("RFC") to perform work with the following limitations:

> [Plaintiff can] lift/carry 5 pounds frequently and 10 pounds occasionally; stand and/or walk 2 hours in an 8-hour workday; sit 6 hours in an 8 hour workday; occasionally climb ramps and stairs; no climbing of ladders/ropes/scaffolds; frequently balance; occasionally stoop, kneel, crouch and crawl; should avoid exposure to extremes of cold and head; should do no work around unprotected heights or dangerous machinery; was able to remember, understand, and carry out tasks or instructions that could be learned within a period of 30 days or by demonstration consistent with occupations of SVP 1 or 2; could perform work in a low stress work environment; should perform work that requires only simple, work related decisions; should have only occasional superficial interaction with the general public, i.e. brief greetings or conversations with nothing in-depth such as negotiation or mediation type tasks; could work in proximity to co-workers but should not perform tasks that require teamwork.

(Tr. 17.)

At step four, the ALJ concluded that plaintiff was unable to perform any of his past relevant work. (Tr. 20.) At step five, the ALJ determined that plaintiff could perform a significant number of jobs in the national economy, including document preparer, table worker, and taper. (Tr. 21.) The ALJ therefore concluded that plaintiff was not disabled. (Tr. 21-22.)

Plaintiff argues that the ALJ erred by (1) rejecting his subjective symptoms testimony; (2) rejecting the lay witness testimony; and (3) making improper findings at step five of the sequential analysis.

## DISCUSSION

### I.    SUBJECTIVE SYMPTOM TESTIMONY

Plaintiff argues the ALJ improperly rejected his subjective symptom testimony.  The ALJ is required to provide specific, clear and convincing reasons for rejecting a claimant's testimony. Garrison v. Colvin, 759 F.3d 995, 1017 (9th Cir. 2014).

At the administrative hearing held on April 12, 2019, plaintiff testified that he was unable to work during the relevant period primarily due to atrial fibrillation and mental health challenges. (Tr. 33, 36.) Plaintiff testified he suffered from unpredictable spells of atrial fibrillation which occasionally caused blackouts and extreme fatigue. (Tr. 40-41.)

The ALJ rejected plaintiff's testimony regarding his symptoms and limitations.  (Tr. 17-20.)  The ALJ first found that plaintiff's statements conflicted with his medical treatment records. (Tr. 17-20.)   The ALJ may discount a claimant's statements if medical opinion evidence contradicts the claimant's subjective testimony.  Carmickle v. Comm'r, 533 F.3d 1155, 1161 (9th Cir. 2008). Here, while plaintiff alleged that his atrial fibrillation caused unpredictable episodes of lightheadedness, dizziness, and fainting, which increased in frequency to "full time" by the summer of 2016, treatment records dated October 2016 noted that plaintiff had been in atrial fibrillation for a month with only "some increased fatigue." (Tr. 664.) In February 2017, plaintiff reported atrial fibrillation "all of the time" but was "stable, [and] rate controlled." (Tr. 684.) Three months later, plaintiff reported having "accommodated well to being in atrial fibrillation all of the time." (Tr. 694.) These findings were reasonably interpreted by the ALJ as conflicting with plaintiff's testimony as to the debilitating nature of his episodes. Carmickle, 533 F.3d at 1161.

The ALJ next noted that plaintiff sought only conservative treatment for his atrial fibrillation during the relevant period. (Tr. 18.) An ALJ may properly discount a claimant's testimony if "the frequency or extent of treatment sought … is not comparable with the degree" of

his complaints. SSR 16-3p, at 9. Here, the ALJ noted that plaintiff did not receive meaningful treatment for his allegedly disabling atrial fibrillation during the relevant period, undergoing only anticoagulation therapy with routine follow-up visits with a cardiologist every three to seven months. (Tr. 523, 525, 527, 543, 551, 565, 664, 694.) Plaintiff testified that he stopped medical treatment in May 2017 and was treating his atrial fibrillation only with medications. (Tr. 36.)

Plaintiff testified that he stopped seeking medical and mental health treatment in 2017 because of his mental health issues. (Tr. 36.) The ALJ noted, however, that plaintiff contemporaneously participated in activities that contradict this testimony. The ALJ may consider a claimant's daily activities in assessing his subjective symptom testimony. 20 C.F.R. §§ 404.1529(c)(3)(i). Activities that are incompatible with the severity of alleged symptoms can support an ALJ's rejection of a claimant's testimony. Ghanim v. Colvin, 763 F.3d 1154, 1165 (9th Cir. 2014). Here, while plaintiff alleged that he was too depressed to seek medical or mental health treatment in 2017, he was able to start working part-time as a service advisor in a car dealership in May 2017, and gradually increased his work hours through the remainder of the relevant period. (Tr. 32, 42, 44, 218, 694.) Plaintiff also reported to his counselor in May 2017 that he wanted to get back to work, and the ALJ noted that the other medical evidence, discussed above, conflicts with plaintiff's complaints.

The ALJ also noted that plaintiff engaged in other activities that conflicted with his testimony of debilitating limitations. (Tr. 18-19.) For example, plaintiff reported clearing a hillside in February 2016, which required doing "heavy work" for four to five hours at a time on a sustained, regular basis. (Tr. 547-48, 550.) On this record, the ALJ reasonably concluded that plaintiff was less limited than alleged in his testimony. The ALJ's rejection of plaintiff's subjective

symptom testimony was based on legally sufficient reasons and supported by substantial evidence. Carmickle, 533 F.3d at 1161. The ALJ's evaluation of plaintiff's testimony is therefore affirmed.

## II.     LAY WITNESS TESTIMONY

Plaintiff next argues that the ALJ improperly rejected the lay testimony of plaintiff's mother, Joan D., and his brother, Jeffrie D. In a statement to the Agency in support of plaintiff's application for benefits, Joan D. stated that plaintiff suffers from "random unpredicted bouts of Afib … that last a few hours to a few weeks," that "Afib makes it hard to do anything" and that "Afib puts [Plaintiff] in bed." (Tr. 223, 268, 273.) Both Joan D. and Jeffrie D. also reported that plaintiff had difficulties reaching, talking, using his hands, and sitting.

The ALJ rejected these lay statements, finding they were contradicted by the longitudinal record.  (Tr. 20, 223-30.)  The ALJ may reject testimony from a lay witness if the ALJ provides germane reasons for doing so. Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012). Inconsistency with the medical evidence constitutes a germane reason for rejecting a lay witness's testimony. Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005). Here, treatment records documented mostly modest symptoms, conservative treatment, and a significant gap in the treatment records despite plaintiff's continuing work and other physical activities. The ALJ also noted that Joan D. and Jeffrie D.'s statements regarding plaintiff's abilities to reach, talk, use his hands, and sit were inconsistent with the medical evidence. (Tr. 20.) Specifically, documented physical examinations that were contemporaneous with these statements indicated no related abnormalities. (Tr. 523, 525, 527, 549, 561-62, 564-65, 624-25.) Further, while Joan D. stated that plaintiff could not do yardwork, plaintiff spent a month clearing a hillside during the relevant period, doing "heavy work" for four to five hours at a time. (Tr. 547-48, 550.) On this record, the ALJ provided germane reasons for rejecting the lay witness testimony. Bayliss, 427 F.3d at 1218.

### III.    STEP FIVE FINDINGS

Finally, plaintiff argues the ALJ erred at step five of the sequential analysis because he concluded that plaintiff could make a "successful adjustment to other work that existed in significant numbers in the national economy." (Tr. 21.) Specifically, plaintiff argues that the ALJ did not meet his burden to show plaintiff could perform jobs that exist in significant numbers because there are only 20,900 Table Worker jobs in the national economy.[2]

The Court disagrees. In Gutierrez v. Comm'r, 740 F.3d 519 (9th Cir. 2014), the Ninth Circuit found that 25,000 is a significant number of jobs in the national economy. Id. at 519. Gutierrez relied in part upon Johnson v. Chater, an Eight Circuit case that found 10,000 to be a significant number of jobs for the purposes of satisfying the Commissioner's step five burden. 108 F.3d 178, 180 (8th Cir. 1987). Because the ALJ determined that plaintiff could perform work with 20,900 jobs available in the national economy, the ALJ met his burden at step five. The Commissioner's decision is affirmed.

### CONCLUSION

For the reasons stated, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

DATED this 17th day of September, 2021.

  /s/ Jolie A. Russo
JOLIE A. RUSSO
United States Magistrate Judge

---

[2] The Commissioner has waived its reply to plaintiff's argument that the other two occupations listed by the ALJ at step five were inappropriate for someone with plaintiff's limitations.